|130    505|
|e135   207|

## McGREGOR *v.* McGREGOR.[1]

Partnership—Salary of Public Officer—Public Policy.

    An agreement by a public official that his salary, when earned, shall be deemed assets of a partnership of which he is a member, is not an assignment of the unearned salary, but rather an agreement as to the manner in which it shall be disposed of when earned, and therefore not void as against public policy.

Cross-appeals from Wayne; Rohnert, J. Submitted April 23, 1902. (Docket No. 115). Decided May 8, 1902.

---

[1] Rehearing denied June 3, 1902.

Bill by John McGregor against Thomas McGregor for a partnership accounting. From the decree rendered, both parties appeal. Modified in defendant's favor.

*A. G. Pitts*, for complainant.

*George W. Radford*, for defendant.

MONTGOMERY, J. This is an appeal from an accounting between partners. The complainant and defendant are brothers, and succeeded to the business established by John McGregor, Sr. Both parties appeal from the decree of the court below, and neither contends for a decree in the terms granted by the circuit judge.

Substantially the only controversy between the parties relates to the question of the salary received by complainant while he was acting, for several years, as boiler inspector of the city of Detroit. It is the claim of defendant that both himself and complainant had been devoting their time exclusively to the business of the partnership; that complainant was offered the appointment of boiler inspector; and that, before accepting the appointment, the matter was talked over between the two partners, in the presence of their father, and the conclusion reached that it would be well for complainant to accept the appointment, as the partnership business was somewhat dull, and the firm would have a salary coming in from this office; that, upon this understanding, complainant accepted the office, and held it for several years; that defendant continued to devote his entire time to the business; that complainant from time to time paid in some of the money to the business; that defendant opened an account with the boiler inspector's office on the books, which was credited in 1894, 1895, 1896, and 1897 an aggregate of $1,983. Complainant disputes this claim of defendant, and alleges that there was no understanding or agreement that the salary of the office of boiler inspector was to be deemed a part of the assets of the firm, but avers that the sums paid in by him were in the nature of loans to the company, and should be returned.

The case is not free from doubt, but we think the preponderance of testimony supports the contention of defendant.    Previous to the appointment of complainant as boiler inspector, both parties were drawing $15 per week from the business for living expenses.    It is a significant fact that John continued to draw that amount regularly for nearly four years after he became boiler inspector, although the testimony is very clear that he gave little or no attention to the business.

The complainant further contends that the contract was void as against public policy, as it amounts to an assignment of an unearned salary as a public officer.    But it is, rather, an agreement as to the manner in which the salary shall be disposed of when earned and paid.    See this distinction taken in *Thurston* v. *Fairman,* 9 Hun, 584; Greenh. Pub. Pol. p. 355.

It is conceded in complainant's brief that if, on an accounting, John McGregor should be charged with the amount of the salary received, the defendant is entitled to the whole sum in the hands of the court, and complainant would also be bound to pay him $1,252.89 in cash, and that complainant's interest in certain Windsor property should be subjected to a lien for this amount.    As we adopt the view that the evidence preponderates in favor of defendant's contention, the decree below will be modified and put in this form.    The defendant will recover the costs of this court.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.